**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. ) | | |
| 425 Third Street, SW, Suite 800 ) | | |
| Washington, D.C. 20024, ) | | |
| ) | | |
| Plaintiff, ) | | Civil Action No. |
| ) | | |
| v. ) | | |
| ) | | |
| ) | | |
| U.S. SECRET SERVICE, ) | | |
| 245 Murray Drive, Building 410 ) | | |
| Washington, DC 20223, ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Secret Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of

its public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant U.S. Secret Service ("Secret Service") is an agency of the U.S. Government and is headquartered at 245 Murray Drive, Building 410, Washington, DC 20223. The Secret Service has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On March 29, 2012, Plaintiff submitted a FOIA request to the Secret Service, by certified mail, seeking access to the following public records:

> Any and all records regarding, concerning, or related to the expenditure of U.S. Government funds to provide security and/or any other services for Malia Obama and any companions during her March 2012 visit to Mexico.

6. According to a U.S. Postal Service receipt, the Secret Service received Plaintiff's request on April 6, 2012. By letter dated May 18, 2012, the Secret Service acknowledged receipt of the request and assigned it File Number 20120618.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Secret Service was required to determine whether to comply with Plaintiff's request within twenty (20) working days of its receipt of the request on April 6, 2012 and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, the Secret Service's determination was due by May 4, 2012 at the latest.

8. As of the date of this Complaint, Defendant Secret Service has failed to: (i) determine whether to comply with Plaintiff's requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse

determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   September 20, 2012    Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*